HORACE SCHUTT, Appellant, *v.* FRANCIS D. BAKER, Respondent.

*Breach of warranty — measure of damages.*

The defendant sold a quantity of hop roots to the plaintiff, and at the time of the sale, with knowledge that plaintiff purchased the same for cultivation, he warranted them to be female or productive roots, when in fact a large number of them were male or unproductive roots. The plaintiff's crop having proved a failure, he brought this action to recover damages for a breach of the warranty. *Held,* that he was entitled to recover all the damages sustained by him, including the difference between the value of the crop actually raised, and that of the crop that would have been raised had all the roots been female or productive ones.

APPEAL by plaintiff from a judgment in his favor, entered on the report of a referee, for six dollars damages, it being claimed by the plaintiff that the damages should have been much greater.

*C. H. Graham,* for the appellant.

*F. Baldwin,* for the respondent.

BOARDMAN, J.:

The complaint alleges a sale by defendant to plaintiff of a large quantity of hop roots, with warranty that they were first-class roots, not male roots; were all good runners or female hop roots; that he, defendant, dug them himself and knew them to be such as he had stated. It further alleges that they were set out, but a large amount thereof, on cultivation, proved to be male roots and unproductive, to plaintiff's damage $500. The answer puts in issue the warranty. Upon the evidence given the referee finds, among other things, "That to induce the plaintiff to purchase said hop roots, the defendant then and there undertook and agreed that there were no he hop roots among them, and that there were a large amount of he hop roots among them." The evidence sustains the findings. On the trial the plaintiff offered to show the value of the crop that would have been raised by productive vines in place of the male vines sold him by defendant, for the purpose of enhancing the

damages; also, that at the time of the purchase he, plaintiff, told defendant he wanted to buy good runners — female roots — as he intended to plant them himself and wanted only such as would produce hops. The referee rejected such evidence, upon the ground that the warranty was general, and the rule of damages was the difference in value of the roots as sold and the roots as they were represented to be, which he afterward found to be six dollars only.

I think it was competent to show that defendant knew plaintiff bought the roots for cultivation. It tends to show the understanding of the parties, and to fix the measure of responsibility incurred by the defendant under his warranty. It was error, therefore, to reject such evidence. Such error, however would not lead to a new trial, if the referee was correct in the rule of damages. To test that question we are at liberty to assume the facts offered to be proved by the plaintiff and rejected by the referee. We have then a purchase of these roots for the purpose of cultivation, the knowledge of the defendant of that fact, his warranty with such knowledge, that the roots sold were female or productive, that there was a large amount of male or unproductive roots among those sold, and that the cultivation of such unproductive roots involved the plaintiff in a large loss of profits and entitled him to damages not allowed him by the referee.

This is, in effect, a warranty that the roots would be productive, and were suitable for the purpose for which they were purchased. They were valueless except for the purpose of cultivation and production. They were bought for such purposes, within the knowledge of defendant. The uses to which they were to be put, and the consequences of a failure in such use were within the contemplation of the contracting parties. Under such circumstances, the plaintiff "is entitled to recover all his damages, including gains prevented as well as losses sustained." (*Griffin* v. *Colver*, 16 N. Y., 489.) The case is controlled by the decision of the Court of Appeals in *Passinger* v. *Thorburn* (34 N. Y., 634), and *Milburne* v. *Beloni* (39 id., 53); *White* v. *Miller* (7 Hun, 427); *Booth* v. *Spuyten Duyvil Rolling Mill Co.* (60 N. Y., 487, 492). A recovery was sustained in *Randall* v. *Raper* (96 Eng. Com. Law R., 82) on much weaker evidence than that before us. That was a sale of seed barley, warranted to be Chevalier seed barley. The purchaser

resold it with like warranty. It turned out to be an inferior and different kind of seed and produced inferior crops. It was held that the inferior crop raised was an element in the damages which the plaintiff was entitled to recover for the breach of the warranty.

I think the learned referee erred in the rule of damages applicable, and that a new trial should be granted, with costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, and new trial granted, costs to abide event. Reference discharged.